UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NORBERT PINZON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-2078 |
| | ) | |
| DEPARTMENT OF CORRECTIONS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in the Pinckneyville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit in the Northern District of Illinois. The case was transferred to this District because the actions complained of occurred in the Danville Correctional Center, which is located in the Central District of Illinois. The plaintiff claims that on March 18, 2016, he was in the dining room when Lt. Kathy Byerly told the inmates to take off their hats. Plaintiff alleges that she walked up to him, snatched his identification off his coat and when he took his hat off and put it in his pocket, she told him to give it to her. Plaintiff then claims she cuffed him up, put him in seg, and wrote him up for assault saying he slapped her on the back of the arms three times. Plaintiff was found guilty on the ticket and given 90 days in segregation.

In his complaint, the plaintiff stated that he "purchased that hat at the commissary that it was my personal property." (Compl. p. 2) The intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999), cert. denied, 529 U.S. 1134 (2000). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. See *Stewart v. McGinnis*, 5 F.3d

1031, 1035-36 (7th Cir. 1993). The plaintiff's complaint is dismissed for failure to state a constitutional claim. The proper venue for plaintiff's claim for loss of personal property is in the Illinois Court of Claims.

To the extent that the plaintiff is attempting to assert a constitutional violation, his claim would be barred by the United States Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a cognizable claim. *Id*. at 487. The plaintiff admitted during the merit review hearing that his conviction on the disciplinary ticket that was issued as part of his claim has not been reversed or set aside. Accordingly, *Heck* bars his claim.

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed.

2. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 25th day of May, 2016.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE